

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL A. RODRIGUEZ, AKA Joel Amilcar Rodriguez Viana, | No. 16-71437 |
| Petitioner, | Agency No. A094-454-153 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Joel Rodriguez, a native and citizen of El Salvador, petitions for review of a

Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019), and we deny the petition.

Regarding his claims for withholding of removal and asylum, substantial evidence supports the BIA's determination that Rodriguez did not establish a fear of persecution based on his family membership. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *Elias-Zacarias*, 502 U.S. 478, 481-84 (1992) (noting requirement of a nexus between alleged fear of persecution and membership in a particular social group). Giving deference to the BIA, *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), we determine that Rodriguez did not establish a nexus between his fear of persecution

2

and his family ties so as to be eligible for withholding of removal or asylum.

To the extent Rodriguez claims he will be subject to persecution based on general conditions of crime in El Salvador, "an alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Rodriguez also asserts that he should be afforded relief as a returnee from the United States who will be perceived as being wealthy. The agency did not err in finding that he failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, we deny his petition with regard to asylum and withholding of removal.

Substantial evidence also supports the BIA's determination that Rodriguez has not demonstrated that it is more likely than not he will experience torture upon his return to El Salvador to be eligible for CAT relief. As discussed, Rodriguez's testimony does not demonstrate that he is likely to experience harm upon his return

to El Salvador, much less that the El Salvadorian government would acquiesce in any such harm. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (holding that speculative claims of torture are insufficient to afford relief).

**PETITION FOR REVIEW DENIED.**